IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

In re R.C.G.J., a minor.

CESAR ALBERTO GONZALEZ
ICAZA,

      Petitioner,

v.                                        CASE NO.  5:16cv69-RH/GRJ

LAUREN KYLE JONES,

      Respondent.

_____/

**ORDER DENYING A TEMPORARY
RESTRAINING ORDER AND SETTING A
PRELIMINARY-INJUNCTION HEARING**

      This is an international child-custody dispute.  The verified petition alleges these facts.  The petitioner Cesar Alberto Gonzalez Icaza and the respondent Lauren Kyle Jones are married and last lived together in Honduras.  Under a lawful decree of a court in Honduras, they have shared custody of their minor child, R.C.G.J., who was born in Honduras and last lived with both parents there.  Under the decree and Honduras law, Mr. Gonzalez has a *ne exeat* right—the right not to have the child removed from Honduras without his consent.  In violation of that

right, Ms. Jones took the child to Florida and has refused to take him back to Honduras.

Mr. Gonzalez has moved for a temporary restraining order without notice prohibiting Ms. Jones from removing the child from the court's jurisdiction and requiring her to deposit the child's passport with the clerk of court.

As a prerequisite to a temporary restraining order or preliminary injunction, a plaintiff must establish a substantial likelihood of success on the merits, that the plaintiff will suffer irreparable injury if the injunction does not issue, that the threatened injury outweighs whatever damage the proposed injunction may cause a defendant, and that the injunction will not be adverse to the public interest. *See, e.g.*, *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1354 (11th Cir. 2005); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). A temporary restraining order may issue *without notice* only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Here Mr. Gonzalez asserts that Ms. Jones will flee with the child when she learns of this action. Mr. Gonzalez apparently fears that this will deprive the court

of jurisdiction, but it will not; once process is served on Ms. Jones, the court's personal jurisdiction over Ms. Jones will be established.

Mr. Gonzalez also apparently fears that regardless of the court's jurisdiction, Ms. Jones will flee in an effort to retain unfettered custody of the child without court intervention. That would be an extraordinarily poor decision. Moreover, a parent willing to flee in these circumstances might also be willing to flee in the face of a temporary restraining order. Unless an order is entered that is more restrictive than Mr. Gonzalez has requested and more restrictive than I would enter without giving Ms. Jones an opportunity to be heard, the best way to bring about adherence to the law—whether that ultimately means a ruling for Mr. Gonzalez or for Ms. Jones—is to afford both sides a full and fair hearing without undue delay.

I find that Mr. Gonzalez has not met the prerequisites to a temporary restraining order without notice and that, in any event, as a matter of discretion, such an order should not issue.

For these reasons,

IT IS ORDERED:

1. The motion for an ex parte temporary restraining order without notice, ECF No. 6, is denied.

2. By a separate notice, the clerk must set for March 17, 2016, at 10:30 a.m., in Panama City, a hearing on the request for a preliminary injunction.

3. Mr. Gonzalez must promptly cause service of process on Ms. Jones, together with copies of all papers that have been filed in this case, including this order and the forthcoming notice of hearing.

4. If Ms. Jones will be represented by an attorney in this action, she should cause the attorney to file a notice of appearance as soon as possible. If an attorney appears for Ms. Jones prior to the March 17 hearing, the attorneys should confer prior to the hearing in an effort to agree on substantive or procedural matters, including (a) whether a preliminary injunction should be entered by consent maintaining the status quo pending a ruling on the merits, and (b) the scheduling of further proceedings. The March 17 hearing will be rescheduled for another date available on the court's calendar if both sides so agree.

5. Ms. Jones must attend the March 17 hearing in person. She may be represented by an attorney or may appear on her own behalf.

SO ORDERED on March 4, 2016.

s/Robert L. Hinkle
United States District Judge