IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

In re R.C.G.J., a minor.

CESAR ALBERTO GONZALEZ
ICAZA,

      Petitioner,

v.                                      CASE NO.  5:16cv69-RH/GRJ

LAUREN KYLE JONES,

      Respondent.

_____/

## ORDER DENYING THE MOTION TO DISMISS

      This is an international child-custody dispute between the parents of a child who once lived with both parents in Honduras and now lives with the mother in the United States.  The father filed this action under the Hague Convention on the Civil Aspects of International Child Abduction and the statute implementing it, 22 U.S.C. § 9001 et seq.  The mother has moved to dismiss for lack of jurisdiction and for failure to state a claim on which relief can be granted.

      The motion depends on the mother's assertion, in substance, that the facts do not support the father's claim.  A trial has been set for the earliest date when the

parties have said they can be ready.  But the factual dispute cannot be resolved on the motion to dismiss.

First, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  For purposes of such a motion, the complaint's factual allegations, though not its legal conclusions, must be accepted as true.  *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Such a motion cannot be granted based on the defendant's denial of the complaint's allegations or even based on evidence that the allegations are untrue.

Second, on a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), evidence can be considered.  But that does not mean that such a motion can be used to resolve the merits without a trial:

> "We have cautioned [ ] that the district court should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action*. If a jurisdictional challenge does implicate the merits of the underlying claim then: '[T]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.' "  This serves to protect "the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion."

*Douglas v. United States*, 814 F.3d 1268, 1275 (11th Cir. 2016) (alteration in original) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir.2003) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir.1997))).  The mother's 12(b)(1) motion fails on this basis.

For these reasons,

IT IS ORDERED:

The motion to dismiss, ECF Nos. 16 and 19, is denied.

SO ORDERED on April 21, 2016.

                                  s/Robert L. Hinkle
                                  United States District Judge